# Pollock *v.* Talcott, Appellant.

*Set-off—Breach of an agreement to lease—Contract—Evidence.*

In an action of assumpsit where the defendant sets up a counterclaim for damages arising from a breach of an agreement for a lease, a lease between the owner and the defendant made after the alleged agreement with the plaintiff, is not admissible if there is no offer to follow the lease by evidence showing the actual damage resulting to defendant by reason of the default of the plaintiff to sublet from defendant. In such a case a witness as to the value of the lease will not be permitted to testify where he is not shown to have knowledge of the value of leaseholds in the vicinity and is not qualified as an expert to express an opinion.

Argued Oct. 20, 1905. Appeal, No. 194, Oct. T., 1905, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1903, on verdict for plaintiff in case of James Pollock, Trustee of the Estate of Dingley Manufacturing Company, Bankrupt, v. James Talcott. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for money had and received. Before AUDENRIED, J.

The facts are stated in the opinion of the Superior Court.

At the trial the court, under objection and exception, refused to admit in evidence a lease from Elizabeth Aldrich to James Talcott from February 1, 1901, to February 1, 1902. [1]

S. S. Burr was asked this question:

" Q. You have said that no use was made by James Talcott of this one-third of the premises that was to have been occupied by the Dingley company. Will you tell us whether, under all the circumstances, Mr. Talcott could have disposed of that one-third of the premises? Under all the circumstances in this case could he have made use, with some other party, of that one-third of the premises? "

Objected to. Objection sustained. Exception noted for defendant by direction of the court. [2]

Defendant presented this point:

8. If you find that the plaintiff is bound by the agreement made with the defendant, and that defendant complied with his part of the agreement, then defendant is entitled to retain out of the money otherwise owing to plaintiff the amount of damages he has suffered by failure of the Dingley Manufacturing Company to comply with its part of the agreement. *Answer:* The defendant's points are refused. [3]

The court charged the jury as follows:

The defense of set-off has not been established. It is admitted by the defendant that he has moneys in his hands collected for the account of the plaintiff, and as he has failed to make out the set-off against the plaintiff's claim for these collections, your verdict must be in favor of the plaintiff for the full amount of the claim. [4]

Verdict and judgment for plaintiff for $893.61. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; (3, 4) above instructions, quoting them.

*Lester B. Johnson,* with him *John F. Keator,* for appellant.— Defense offered is a proper subject of set-off.

The case is exactly analogous to Assigned Estate of Reading Iron Works, Sweatman's Appeal, 150 Pa. 369.

*Clinton O. Mayer,* with him *Joseph L. Greenwald,* for appellee.

OPINION BY HENDERSON, J., March 12, 1906:

We do not deem it necessary to consider the question whether a set-off of the claim for damage resulting from a breach of contract by the bankrupt would be allowable in this action. The record presented does not show proof or an offer of proof of facts entitling the defendant to the set-off. It is not claimed that any lease was entered into between the defendant and the Dingley Manufacturing Company, or that the latter went into possession of the premises concerning which the alleged contract was made. The testimony of the plaintiff's witness, Burr, shows that the parties contemplated that a lease should be executed after the defendant acquired his term from the owner of the premises and this was not done because of the insolvency proceeding. The defendant did not have anything to lease at the time the arrangement was made with Burr. His counterclaim is, therefore, for damage arising from a breach of an agreement for a lease, and we do not find evidence or an offer of evidence to show what this damage was. It was not proposed to follow the offer of the lease by evidence showing the actual damage resulting to the defendant by reason of that default.

The offer of evidence in the second assignment was properly rejected by the court. The witness was not shown to have knowledge of the value of leaseholds in the vicinity of the demised premises and does not appear to have been qualified as an expert to express an opinion. The inquiry whether the defendant, " under all the circumstances in the case, could have made use, with some other party," of the one-third of the premises intended for the Dingley Manufacturing Company, is purely speculative and a matter of opinion about which the witness does not appear to have been qualified to testify. Whether the defendant attempted to procure or could have procured another tenant was not shown. The rejection of the lease did not prejudice the defendant, therefore, for with the lease in, there was nothing to go to the jury on the question of damage.

The affirmation of the defendant's eighth point (third assign-

ment) would not have aided the appellant. There was no evidence to submit to the jury as to the amount of damage he had suffered by the failure of the Dingley company to comply with its part of the agreement. The charge of the court is not objectionable in view of the evidence introduced or offered. The set-off was not established even if it were admissible as against the bankrupt estate.

The judgment is, therefore, affirmed.